# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOHNATHON DARDAR**<br>        *Plaintiff*, | **CIVIL ACTION NO.:** |
| | **JUDGE:** |
| **v.** | |
| **DUPRE MARINE TRANSPORTATION,**<br>**LLC**<br>        *Defendant*. | **MAG. JUDGE:** |

## SEAMAN'S COMPLAINT AND JURY DEMAND

NOW INTO COURT, comes Plaintiff, **JOHNATHON DARDAR**, a person of the full age of majority, domiciled in Lafourche Parish, Louisiana, who respectfully represents:

### First Cause of Action

#### I.

Made Defendant herein is **DUPRE MARINE TRANSPORTATION, LLC** (hereinafter "DMT"), a Louisiana limited liability company authorized to do and doing business in the State of Louisiana, in the Eastern District of Louisiana, and is domiciled in the Parish of Terrebonne, State of Louisiana.

#### II.

Plaintiff brings this suit pursuant to the Jones Act, the Doctrine of Unseaworthiness, and the General Maritime Law.

#### III.

Jurisdiction on this matter is conferred by 28 U.S.C. § 1333(1) and 46 U.S.C. § 30104; venue is conferred by 28 U.S.C. § 1391(b) and (c).

**IV.**

On and prior to November 11, 2022, Defendant was the owner and operator of a vessel known as the M/V PARKER JAMES. On or about November 11, 2022, Plaintiff, Johnathon Dardar, was working as a seaman aboard the M/V PARKER JAMES. At all relevant times, the M/V PARKER JAMES was a vessel in navigation.

**V.**

On November 11, 2022, Plaintiff was performing his duties aboard the M/V PARKER JAMES when the Captain jerked the vessel causing the vessel's tie-off lines to pinch his hands against a bollard of the vessel in an unsafe manner while working on the Houston Ship Channel in Houston, Texas.

**VI.**

As a result of the negligence of Defendant, Plaintiff suffered severe injuries, including seven (7) broken fingers which ultimately required that two (2) fingers be amputated on his dominant hand.

**VII.**

At all pertinent times, Defendant DMT employed Plaintiff as a Jones Act seaman assigned to the M/V PARKER JAMES.

**VIII.**

The above-described accident was caused by the negligence of Defendant, DMT, its agents, servants, employees, or others for whom it is legally responsible, in the following non-exclusive respects:

(A)     failing to provide Plaintiff a reasonably safe place to work;

(B)     failing to provide safe equipment aboard its vessel;

4826-6520-7963, v. 1

(C)     failing to provide proper equipment and safety equipment aboard its vessel;

(D)     allowing unsafe work practices;

(E)     failing to maintain the decks of its vessels in a safe condition;

(F)     negligently allowing a seriously dangerous condition to exist aboard the vessel;

(G)     failing to provide notice of a known unsafe condition and/or to take other appropriate turnover and safety measures;

(H)     failing to properly man its vessels;

(I)     negligent operation; and

(J)     other acts of negligence and/or omissions which may be shown at trial of this matter.

## IX.

Due to the injuries that Plaintiff sustained, he has incurred past and future lost wages and benefits, loss of earning capacity, permanent physical disability, disfigurement and scarring, has suffered severe mental pain and anguish and severe physical pain and anguish, loss of bodily function, and loss of quality of life.

## Second Cause of Action

## X.

Under the General Maritime Law, it was the duty of the defendant/employer, DMT, to furnish its employees with a safe place to work, with proper and safe gear, appurtenances, and equipment, with an adequate crew, and with a seaworthy vessel.

## XI.

4826-6520-7963, v. 1

At the time and the place of the occurrence of the accident, Plaintiff was working aboard a vessel in navigation and performing the type of work traditionally performed by seamen. He, therefore, was owed the warranty of seaworthiness.

## XII.

The failure of Defendant to provide Plaintiff with a safe place to work and with reasonable working conditions renders the vessel unseaworthy, and that unseaworthiness was a proximate cause of Plaintiff's accident and injuries and the resulting disability.

## Third Cause of Action

## XIII.

Plaintiff, a seaman, is entitled to maintenance and cure, from Defendant, Dupre Marine Transportation, LLC, and he has made a reasonable demand for such; yet, Defendant has, without reasonable justification and cause, refused to provide maintenance and cure and/or have provided insufficient maintenance and have refused to pay all reasonable and necessary cure.

## XIV.

Plaintiff asserts the refusal of DMT to pay appropriate maintenance and cure is without cause, willful, arbitrary and recalcitrant, thus Plaintiff asserts a claim for all reasonable and necessary maintenance and cure and compensatory damages, punitive damages and attorneys' fees as a result of the failure to pay all reasonable maintenance and cure that is due.

## Jury Demand

Plaintiff is entitled to and demands a trial by jury on all issues related herein.

**WHEREFORE**, plaintiff, Johnathon Dardar, prays that there be judgment in his favor and against Defendant, Dupre Marine Transportation, LLC, in an amount sufficient to

compensate him for the damages described above, for maintenance and cure, for compensatory damages and/or punitive damages and attorneys' fees for failure to pay maintenance and cure, for legal interest from date of injury, for attorneys' fees, all costs of this action, including expert expenses, and for all other general and equitable relief.

Respectfully submitted,

THE CHOPIN LAW FIRM LLC

_/s/ Michael D. Letourneau_
**MICHAEL D. LETOURNEAU, T.A. (La. 32556)**
**ASHLEE L. ADAMS (La. 39101)**
**RICHARD A. CHOPIN (La. 4088)**
**JUSTIN M. CHOPIN (La. 31100)**
650 Poydras Street, Suite 1550
New Orleans, Louisiana 70130

| | | |
|---|---|---|
| Telephone: | Mike Direct: | 504-229-6685 |
| | Ashlee Direct: | 504-356-9023 |
| _A_ | Dick Direct: | 504-229-6682 |
| | Justin Direct: | 504-229-6681 |
| Facsimile: | 504-324-0640 | |
| Email: | Mike@Chopin.com | |
| | Ashlee@Chopin.com | |
| | RChopin@Chopin.com | |
| | Justin@Chopin.com | |
| 1313 Service: | Service@Chopin.com | |

_Attorneys for Plaintiff, Johnathon Dardar._

4826-6520-7963, v. 1